**United States District Court
Northern District of Indiana
Hammond Division**

| | |
|---|---|
| FRED A. COLVIN, CHAIRMAN of the<br>BOARD of TRUSTEES of and on<br>behalf of BRICKLAYERS UNION<br>LOCAL NO. 6 of INDIANA PENSION<br>FUND; JOSEPH BRAMLETT, TRUSTEE<br>of and on behalf of BRICKLAYERS<br>and TROWEL TRADES INTERNATIONAL<br>PENSION FUND; WILLIAM SOLIVAIS,<br>CHAIRMAN of the BOARD of<br>TRUSTEES and on behalf of<br>BRICKLAYERS UNION NO. 6 of<br>INDIANA HEALTH & WELFARE FUND;<br>JOHN M. ARGENTA, SECRETARY of the<br>BOARD of TRUSTEES and on behalf of the<br>INTERNATIONAL UNION of BRICKLAYERS<br>& ALLIED CRAFTWORKERS LOCAL 4<br>of IN & KY APPRENTICE FUND;<br>JOSEPH BRAMLETT, TRUSTEE of and<br>on behalf of INTERNATIONAL MASONRY<br>INSTITUTE and BRICKLAYERS LOCAL<br>NO. 4 of IN & KY;<br><br>               Plaintiffs,<br><br>               v.<br><br>LARRY E. WEBB CONSTRUCTION<br>COMPANY INC. and LARRY E. WEBB<br><br>               Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 2:06-CV-351 JVB |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motion for partial summary judgment against Defendant Larry E. Webb Construction Company Inc. ("LEW"), which was filed on September 9, 2012 (DE 90). LEW has not responded.

A.  **Background**

Plaintiffs are the trustees of five different employee benefit trusts and the Bricklayers Local No. 4 of Indiana and Kentucky. In their first amended complaint the Trust Fund Plaintiffs allege that LEW is bound by the Plaintiffs' trust fund agreements and declarations of trust because it was a signatory to a collective bargaining agreement ("CBA").

B.  **Summary Judgment Standard**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v.*

*Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

A moving party is not entitled to summary judgment by default when the opposing party fails to respond. Pursuant to Federal Rule of Procedure 56(e), if the nonmovant does not address the moving party's assertions of fact, the court should grant summary judgment only "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

**C.     Facts**

On June 26, 2002, LEW signed a memorandum of agreement with Plaintiff International Union of Bricklayers Local 4 of IN & KY. The memorandum adopted the Union's CBA between it and the Indiana Mason Contractors Statewide Association Inc., as well as any subsequent agreements between those parties. The memorandum also bound the parties to the terms of any "Trust Fund Agreements" identified in the CBA. (Ex. A to Pls' Mot. Summ. J., DE 90-1.)

Plaintiffs have submitted two CBAs in support of their motion for summary judgment. The only Trust Fund Agreements the Court finds identified in the CBAs are the Bricklayers and Trowel Trades International Pension Fund Trust Agreement and the International Masonry Institute Trust Agreement, the trustees of which are Plaintiffs in this action. The materials accompanying the motion for summary judgment do not show that these Plaintiffs are owed anything.

The CBAs require employers to deduct union dues from employees' wages. Dale Johnsen's affidavit asserts that LEW owes $472.99 in delinquent union dues to Plaintiff Bricklayers & Allied Craftrworkers Local 4 of IN & KY.

According to the affidavit of Arlene David, her audit disclosed that LEW owes two of the Plaintiffs—Bricklayers Local No. 6 of Indiana Pension Fund and Bricklayers Local No. 6 of Indiana Health & Welfare Fund—$17,893.06 in delinquent contributions, interest, audit fees and mileage for the period from January 1, 2003, through March 31, 2008, and $1,820.82 for the period from June 26, 2002 through December 31, 2002. The affidavit states that payroll audit reports for LEW Construction are attached to the affidavit, but no such reports are included in the materials Plaintiffs submitted in support of their motion for partial summary judgment. Plaintiffs also request $28,543.75 in attorneys' fees.

**C.     Discussion**

All six Plaintiffs join in this motion for summary judgment, but the motion and materials that accompany it do not adequately demonstrate to the Court the basis for LEW's liability to any of the Plaintiffs except Bricklayers Local No. 4 of IN & KY.  The Court is unable to determine what CBA provisions require LEW to contribute to the Bricklayers Local No. 6 of Indiana Pension Fund or the Bricklayers Local No. 6 of Indiana Health & Welfare Fund.  Moreover, since these are separate entities, Plaintiffs should have requested an amount for each one individually, rather than lumping them together.  As for the remaining Plaintiffs, no amounts have been requested.  Accordingly, summary judgment is granted only as to Plaintiff Bricklayers Local No. 4 of IN & KY.

**D.     Conclusion**

Summary judgment is GRANTED in favor of Plaintiff Bricklayers Local No. 4 of IN &

KY in the amount of $472.99.  Summary judgment is DENIED with respect to all other Plaintiffs and claims.

SO ORDERED on January 3, 2013.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge